IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFREY D. HALCOMB,

    Petitioner,

v.                                    Case No.: 5:17-cv-218-MCR/MJF

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before this court on a petition filed under 28 U.S.C. § 2254 (Doc. 1). Petitioner challenges the life sentence imposed in *State of Florida v. Jeffrey Darnell Halcomb*, Case No. 96-2201C (Fla. 14th Cir. Ct. for Bay County 1997). The Florida Department of Corrections filed an answer to the Petition, arguing that the Petition should be dismissed for failure to exhaust state remedies. (Doc. 22). For the reasons set forth below, the undersigned respectfully recommends that the petition be dismissed without prejudice for failure to exhaust state remedies.

**I. Background**

On March 19, 1997, Petitioner was convicted in state court and sentenced to life imprisonment without parole as a Habitual Violent Felony Offender ("HVFO"). (Doc. 1 at 1; Doc. 22 at 12). Petitioner filed a direct appeal in which his conviction

and sentence were affirmed. (Doc. 1 at 1-2; Doc. 22 at 23-24). The mandate was issued on July 7, 1998. (Doc. 22 at 24). Prior to 2005, Petitioner filed several postconviction motions, all of which were denied. (Doc. 1 at 2-3; Doc. 22 at 26-30).

On September 19, 2016, Petitioner filed a *pro se* "Motion to Correct Illegal Sentence," in a Florida court. (Doc. 22 at 32-38). In that motion, the Petitioner raised the following six arguments:

    A. The state used prior convictions which were not the Petitioner's;

    B. The state failed to provide certified copies of the prior convictions;

    C. The state failed to present an expert witness to perform fingerprint analysis;

    D. The state "used multiple convictions that were issued on the same day" when such convictions should have counted as only one conviction;

    E. The court never laid "a proper predicate" for the prior convictions; and

    F. Petitioner was not eligible for habitual offender treatment.

(Doc. 1 at 16-22; Doc. 22 at 32-38). Notably, nowhere in his 2016 "Motion to Correct Illegal Sentence" does Petitioner raise the argument he raises in his instant Petition:

> Petitioner contends his "life" extended term of imprisonment under the (HVFO) violates the U.S. Constitutional right to due process where the findings (elements) of the (HVFO) designation were made solely by the Sentencing Judge.

(*See* Doc. 1; Doc. 22 at 32-38).

In his instant habeas petition, Petitioner was asked: "If you did not exhaust your state remedies on Ground One, explain why. (Doc. 1 at 5). Petitioner provided an explanation for his failure to exhaust, thereby tacitly admitting that he had not raised this issue in his state postconviction motions. (*Id.*). In his explanation, Petitioner indicated that his argument in Ground One was based on the "recent" Supreme Court case of *Alleyne v. United States*, 570 U.S. 99, 103, 133 S. Ct. 2151, 2155 (2013).

## II.   Discussion

Before seeking § 2254 habeas relief in federal court, a petitioner must exhaust all state court remedies available for challenging his conviction. *See* 28 U.S.C. § 2254(b)(1), (c);[1] *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1351-52 (11th Cir.

---

[1] Section 2254 provides, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (i) there is an absence of available State corrective process; or
>>
>> (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right

2012). This provides a state the initial "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 119 S. Ct. 1728, 1732 (1999); *Picard*, 404 U.S. at 277-78, 92 S. Ct. at 512; *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005).

The Supreme Court has suggested that a litigant fairly presents his claim to a state court by including in his claim before the state appellate court "the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32, 124 S. Ct. at 1351. The Court's guidance in *Baldwin* "must be applied with common sense and in light of the purpose underlying the exhaustion requirement"—namely, giving the state courts "a meaningful opportunity" to address the federal claim. *McNair*, 416 F.3d at 1302. Thus, a petitioner could not satisfy the exhaustion requirement merely

---

under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)-(c).

by presenting the state court with "all the facts necessary to support the claim," or by making a "somewhat similar state-law claim." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004). Rather, he must make his claims in a manner that provides the state courts with "the opportunity to apply controlling legal principles to the facts bearing upon (his) [federal] constitutional claim." *Id.* at 1344 (quotation omitted).

To "fairly present" a claim, the petitioner is not required to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278, 92 S. Ct. at 513 (quotation omitted). Nevertheless, a petitioner does not "fairly present" a claim to the state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32, 124 S. Ct. at 1351. In other words, "to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues." *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007) (quoting *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998)). If a petitioner fails to exhaust state remedies, a district court must dismiss the petition without prejudice to allow the petitioner to present his claim first to the state court. *See Rose v. Lundy*, 455 U.S. 509, 519-20, 102 S. Ct. 1198, 1204 (1982); *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013); *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

In his 2016 state post-conviction motion, Petitioner did not challenge the fact that the sentencing judge made certain factual determinations as opposed to the jury. Petitioner certainly did not present this issue as an alleged violation of the U.S. Constitution. He also did not rely on any federal case law, including *Allenye v. United States*, 570 U.S. 99, 133 S. Ct. 2151 (2013), or *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). Petitioner did not fairly present this claim to the state court because he did not make the state courts aware that his claims entailed federal constitutional issues. *See Baldwin*, 541 U.S. at 32, 124 S. Ct. at 1351; *Jimenez*, 481 F.3d at 1342. As a result, he has not exhausted his state remedies. Accordingly, the District Court must dismiss this case without prejudice.

## III.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The Petition filed under 28 U.S.C. § 2254 (Doc. 1) be dismissed without prejudice for failure to exhaust state remedies.

2. The clerk of the court be directed to close the case file.

At Panama City, Florida this 30th day of January 2019.

>  /s/ *Michael J. Frank*
>  **Michael J. Frank**
>  **United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.